# Clarkson

Glenn A. Danas, Esq.
Partner

Clarkson Law Firm P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
gdanas@clarksonlawfirm.com

May 21, 2024

**VIA CM/ECF**

Ms. Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

      **Re:** ***Relevant Group, LLC, et al v. Nourmand, et al.,* Case No. 23-55574**
            **Submission Per Fed. R. App. P. 28(j)**

Dear Ms. Dwyer:

     Per FRAP 28(j), Appellees submit this letter to notify the Court of a recent decision: *Realtek Semiconductor Corp. v. MediaTek, Inc.*, No. 23-cv-02774-PCP, 2024 U.S. Dist. LEXIS 81693 (N.D. Cal. May 3, 2024).

     In *Realtek*, the district court granted the defendants' motion to dismiss the plaintiff's claims that the defendants' (1) license agreement allegedly incentivizing frivolous litigation; (2) four actual patent proceedings (two in federal district court, one in the International Trade Commission, and one in Japan), and (3) statements made to customers about that litigation, caused anticompetitive harm in violation of state and federal law. 2024 U.S. Dist. LEXIS 81693, at **13; 19.

     The *Realtek* court rejected Realtek's arguments that the defendants' four patent litigations warranted application of the "series" sham exception under *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 810–11 (9th Cir. 1994) to the general *Noerr-Pennington* immunity.

Molly C. Dwyer
Clerk of the Court
May 22, 2024
Page 2 of 2

*Realtek*, 2024 U.S. Dist. LEXIS 81693, at *19–21.

The district court recognized that, under binding Ninth Circuit precedent, instances of two sham suits cannot amount to a "'series of legal proceedings'" or a "'pattern of baseless, repetitive claims'" and contrasted the four at-issue proceedings with instances of over twenty lawsuits filed in many different fora, where the sham series exception is potentially applicable. *Id*. at *19–20. Moreover, the district court noted that the four proceedings arose from "only three patents, two of which were asserted side-by-side." *Id.* at *20.

Finally, the court reasoned that the defendants "genuinely desired the relief sought in the four proceedings[,]" demonstrating that there was no attempt to "use the litigation itself—rather than the relief sought therein—as an 'anticompetitive weapon[.]'" *Realtek*, 2024 U.S. Dist. LEXIS 81693, at *21. Here too, Appellees genuinely desired the relief they sought (and successfully obtained), including height reductions, setbacks, limited use of windows and balconies, and implementation of noise-reduction policies. 2-SER-162–163, 192–193.

*Realtek* supports Appellees' position that the four acts identified by Relevant are insufficient to apply the series sham exception, leaving no genuine dispute that Appellees' conduct was shielded from liability under the *Noerr-Pennington* doctrine.

Respectfully submitted,

*s/ Glenn A. Danas*
Glenn A. Danas

cc: All Counsel of Record (via CM/ECF)