# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

AMIT R. VORA
DIRECT DIAL: (212) 506-1834
DIRECT FAX: (212) 500-3454
AVora@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 2, 2024

**VIA CM/ECF**

Ms. Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeal for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *Relevant Group, LLC v. Nourmand*, Case No. 23-55574
> Relevant's Response to Defendants' Rule 28(j) Letter (Doc. 65)

Dear Ms. Dwyer:

Defendants misplace their reliance on *Realtek*, which holds that the series exception to the *Noerr-Pennington* doctrine turns on the volume of sham petitioning—and not, as Defendants and the second summary-judgment decision urge, on a magic number.

Judge Pitts declined to apply the series exception, not based on a counting exercise, but rather because Realtek had failed to show that the four identified sham petitions had caused a "crushing burden" to its "business," or that the defendants had used process as a "weapon." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 2024 WL 1975478, at *8 (N.D. Cal. May 3, 2024) ("Realtek's allegations suggest … that the defendants genuinely desired the relief sought … .").

Here, Relevant has done precisely what Judge Pitts asked of a party invoking the series exception. Relevant has shown that Defendants, their real-estate competitors, wrongfully used voluminous sham environmental petitioning to derail Relevant's hotel projects and cause Relevant to fear financial ruin—which, in turn, enabled Defendants to extort $5.5 million and business concessions. *See* 7-ER-1390 (third party: "Looks like [Defendant Nourmand's] business plan is to make money off his neighbors"); 7-ER-1545 (city attorneys warning Defendants that "[t]he city will not allow your firm to hijack" the administrative process and continue its "pattern and practice of abusing the administrative record preparation process to improperly delay resolution of CEQA lawsuits"). Relevant has also shown that the weaponized petitions lacked merit: Defendants' administrative challenges failed; and Defendants failed to secure the relief sought in their judicial challenges—*i.e.*, a revocation of the projects' administrative approvals, or an order for comprehensive environmental review. And, unlike Realtek, Relevant has shown that Defendants had no genuine interest in any of that environmental relief. In exchange for ceasing their sham

Kasowitz  Benson  Torres llp

June 2, 2024
Page 2

petitioning, Defendants demanded and secured cash payouts (unavailable through CEQA) and restrictions on Relevant's hotels designed to promote Defendants' business interests, not the environment. *See* Doc. 23 at 41–52; Doc. 56 at 9-13.

      Under Judge Pitts' reasoning, this case falls into the series exception, and Defendants' subjective motives are disputed fact issues that a jury should resolve. This Court should reverse.

      Sincerely,

      */s/ Amit R. Vora*

      Amit R. Vora

ARV